IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| KAHN SULEMANI, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| DR. SCOTT MOATS; DR. JEFFREY LEE | ) | |
| HO; MLP SATTINDER RATTAN; NURSE | ) | |
| SCOTT SCHUMM; NURSE AMY WADE; | ) | |
| NURSE SHANE JOHNSON; NURSE GARY | ) | |
| MEYERS; NURSE T. WALL; EMT JASON | ) | |
| GILMORE; EMT RASHEED ALHASSAN; | ) | |
| COUNSELOR DODGE; and | ) | |
| OFFICER DEARY | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Kahn Sulemani, by his attorneys, Loevy & Loevy, and complaining of Defendants Dr. Scott Moats, Dr. Jeffrey Lee Ho, Mid-Level Practitioner Sattinder Rattan, Nurse Scott Schumm, Nurse Amy Wade, Nurse Shane Johnson, Nurse Gary Meyers, Nurse T. Wall, EMT Jason Gilmore, EMT Rasheed Alhassan, Counselor Dodge, and Officer Deary (collectively "Defendants"), sued in their individual capacities, and states as follows:

### Introduction

1.      This action is brought pursuant to Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1981) to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

2.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  On information and belief, at least one Defendant resides in this judicial district, and the events giving rise to the claims asserted herein occurred within this district.

## The Parties

4.      Plaintiff Kahn Sulemani is a sixty-eight year-old man from Zion, Illinois.  At all times relevant to the events at issue in this case he was incarcerated at Federal Bureau of Prisons FCI Pekin.

5.      At all times relevant to the events at issue in this case, Defendants Dr. Scott Moats, Dr. Jeffrey Lee Ho, Mid-Level Practitioner Sattinder Rattan, Nurse Scott Schumm, Nurse Amy Wade, Nurse Shane Johnson, Nurse Gary Meyers, Nurse T. Wall, EMT Jason Gilmore, EMT Rasheed Alhassan were employed by the Federal Bureau of Prisons to provide medical services to inmates, including Plaintiff, at FCI Pekin.  As such, these Defendants were acting under color of law.

6.      At all times relevant to the events at issue in this case, Defendants Counselor Dodge and Officer Deary were employed by the Federal Bureau of Prisons and worked at FCI Pekin.  As such Defendants Dodge and Deary were acting under color.

7.      At all times relevant to the events at issue in this case, Defendant Dr. Scott Moats was one of the treating physicians at FCI Pekin and its Medical

2

Director.  In his capacity as Medical Director, Dr. Moats promulgated rules, regulations, policies, and procedures for the medical screening, medical treatment, and overall medical care of inmates at FCI Pekin, including Plaintiff.  Defendant Dr. Moats is sued in his individual capacity.

### Factual Allegations

8.      On June 5, 2012 Plaintiff entered Federal Bureau of Prisons FCI Pekin.  At the time that Plaintiff entered FCI Pekin, he was taking a number of medications for his blood pressure and cholesterol, including Crestor, Zocor, and Plavix.

9.      Despite the fact that Plaintiff informed medical staff at FCI Pekin, including Defendants, that he was on these important medications, Plaintiff was either denied his medications or else provided with a cheaper alternative drug to the one he had been prescribed and taking before entering FCI Pekin.  For example, Plaintiff was taken off of his Crestor and Zocor completely.

10.      On information and belief, Defendants Dr. Lee Ho and Dr. Moats were primarily responsible for deciding to deny Plaintiff these medications.

11.      From June 5, 2012 through November 24, 2012 Plaintiff made multiple verbal and written complaints, including to Defendants, regarding not receiving his medications.  This included complaints on: June 5, 7, 9, 14, 19, and 21; July 5, 6, and 13; August 30; and on September 3, 6, and 24.

12.      For example, on June 9, 2012 Plaintiff filled out an Inmate Request to Staff form complaining about numbness in his feet and hands and asking about why

3

he was not being given his medications.  Defendant Dr. Moats replied only that Plaintiff had been evaluated by Defendant Dr. Lee Ho.  Similarly, on September 3, 20102 Plaintiff filled out an Inmate Request to Staff form, this time complaining of heart and breathing problems, and once again asking that he be given his proper medications.  Without addressing his health complaints at all, Defendant Dr. Moats responded that Plaintiff's medications had been adjusted per the Bureau of Prisons Formulary.

13.    On November 24, 2012 Plaintiff suffered a transient ischemic attack, otherwise known as a stroke.

14.    On information and belief, shortly after Plaintiff suffered this stroke, including that same day, a number of fellow inmates reported to medical and corrections staff at the Prison, including Defendants, that Plaintiff was severely slurring his words and was having difficulty with his memory and with walking.

15.    On information and belief, despite these warnings regarding Plaintiff's medical condition, medical and corrections staff at the Jail failed to provide Plaintiff with any medical assistance.

16.    From November 24, 2012 through November 26, 2012 Plaintiff's symptoms only became worse.  Plaintiff continued to slur his words, required some assistance to walk, and still was experiencing short term memory loss.  On information and belief, during this two day period, fellow inmates continued to report these symptoms to Jail medical and corrections staff, including Defendants, but to no avail.

4

17.     On November 26, 2012 Plaintiff, with great difficulty, reported to Sick Call where he was examined by Defendant Nurse Schumm.  Defendant Schumm recorded in Plaintiff's medical records that Plaintiff was having trouble with memory, as well as problems verbally expressing himself but did not provide Plaintiff with any medical treatment.

18.     On November 27, 2012 Plaintiff, again with great difficulty, reported to Chronic Care at FCI Pekin's Health Services Department.  Plaintiff was examined at this point by Defendant Dr. Moats.  Dr. Moats recorded in Plaintiff's medical records that Plaintiff had reported to Sick Call a day earlier, and that Plaintiff was experiencing difficulty speaking and mild aphasia.  Defendant Dr. Moats also noted in Plaintiff's medical records that he believed that Plaintiff had suffered an unspecified transient cerebral ischemia.  Despite diagnosing Plaintiff with having suffered a stroke, Dr. Moats did not provide Plaintiff with any medical treatment, nor send him to a local hospital for emergent care.  Defendant Dr. Moats did not even inform Plaintiff of his diagnosis, instead telling him to follow-up with Sick Call or Chronic Care as needed, and to return to Health Services immediately if his condition worsens.

19.     On information and belief, from November 27 through November 29, 2012 Plaintiff's condition grew even more dire.  During this two day period, fellow inmates reported to Prison corrections and medical staff, including Defendants, that Plaintiff's speech had become extremely slurred, that Plaintiff could barely walk without assistance, and that Plaintiff was drooling uncontrollably.

20.     Finally, on November 23, 2012 Plaintiff was sent for emergent care at Saint Francis Medical Center in Peoria, Illinois.  Once at Saint Francis, Plaintiff was diagnosed with a stroke and was admitted to the hospital.

21.     As a result of the misconduct of Defendants as described above, Plaintiff suffered grave injuries, including a permanent loss of brain function, impaired memory, and impaired motor skills.

## Legal Claims

22.     Each paragraph of this Complaint is incorporated as if restated fully herein.

23.     As described more fully above, Defendants had notice of Plaintiff's medical need and of the seriousness of his medical need, and yet, they refused to provide him with the necessary medical care, in violation of the Eighth Amendment of the U.S. Constitution.

24.     The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

25.     Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken with malice, willfulness, and deliberate indifference to the rights of others.

26.     Defendants had a constitutional obligation to maintain and provide continuing adequate and appropriate medical evaluation, care, treatment, and medication to inmates incarcerated at FCI Pekin.

27.     As a proximate result of the unconstitutional actions and/or conduct of Defendants, as set forth herein, Plaintiff was deprived of his rights under the Eighth Amendment of the U.S. Constitution.

28.     At all times relevant to the events at issue in this case, Defendant Dr. Moats, as Medical Director at FCI Pekin, was responsible for the creation, implementation, oversight, and supervision of all medical policies and procedures followed by corrections and medical staff at FCI Pekin.

29.     Plaintiff's injuries were directly and proximately caused by the policies and practices of Defendant Dr. Moats.

30.     At all times relevant to the events at issue in this case, Defendant Dr. Moats had notice of a widespread practice by corrections and medical staff at FCI Pekin under which inmates with serious medical conditions, such as Plaintiff, were routinely denied access to proper or sufficient medication and medical care.

31.     Defendant Dr. Moats' policies and procedures resulted in the frequent failure and refusal of FCI Pekin corrections and medical staff to provide proper or adequate medication and medical care to inmates, like Plaintiff, whom they knew to have serious medical conditions.

32.     Defendant Dr. Moats had a constitutional obligation to maintain and provide continuing adequate and appropriate medical evaluation, care, treatment, and medication to inmates incarcerated at FCI Pekin.

33.     As a proximate result of the unconstitutional policies and procedures of Defendant Dr. Moats, as set forth herein, Plaintiff was deprived of his rights under the Eighth Amendment of the U.S. Constitution.

34.     At all times relevant to the events at issue in this case, Dr. Scott Moats, Dr. Jeffrey Lee Ho, Mid-Level Practitioner Sattinder Rattan, Nurse Scott Schumm, Nurse Amy Wade, Nurse Shane Johnson, Nurse Gary Meyers, Nurse T. Wall, EMT Jason Gilmore, EMT Rasheed Alhassan, Counselor Dodge, and Officer Deary, were acting within the scope of their employment.


WHEREFORE, Plaintiff, Kahn Sulemani, by and through his attorneys, Loevy & Loevy, respectfully requests that this Court enter judgment in his favor and against Defendants Dr. Scott Moats, Dr. Jeffrey Lee Ho, Mid-Level Practitioner Sattinder Rattan, Nurse Scott Schumm, Nurse Amy Wade, Nurse Shane Johnson, Nurse Gary Meyers, Nurse T. Wall, EMT Jason Gilmore, EMT Rasheed Alhassan, Counselor Dodge, and Officer Deary, awarding compensatory damages, attorneys' fees, and any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, Kahn Sulemani, by and through his attorneys, Loevy & Loevy, hereby demands a trial by jury pursuant to Federal Rule 38(b) on all issues so triable.

Respectfully Submitted,


/s/ Vincenzo Field


Arthur Loevy
Jon Loevy
Vincenzo Field
Sarah Grady
312 N. May Street, Suite 100
Chicago, IL 60607
(312) 243-5900